

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 24, 1951

Hon. Ramie H. Griffin          Opinion No. V-1215
Criminal District Attorney
Jefferson County               Re: Authority of the com-
Beaumont, Texas                    missioners' court to
                                   require monthly re-
                                   ports upon which to fix
                                   each month the compen-
                                   sation of Drainage Dis-
Dear Sir:                          trict Commissioners.

        Your request for an opinion presents the fol-
lowing questions:

        1.  Are commissioners of drainage dis-
    tricts in Jefferson County required to make
    monthly reports and, if so, must they be un-
    der oath?

        2.  Do such commissioners have to make
    application to receive pay each month?

        According to the 1950 Federal census, Jefferson
County has a population of 195,083 inhabitants; therefore,
Article 8161b, Vernon's Civil Statutes, is applicable.
This statute, which was enacted in 1947, provides for the
compensation of drainage district commissioners in coun-
ties of 150,000 to 350,000 population in the following
language:

        "Sec. 7.  The Commissioners of drain-
    age districts shall receive for their serv-
    ices compensation for the time actually
    engaged in the work of their district not
    to exceed One Hundred and Fifty Dollars
    ($150) in any one (1) month, which compen-
    sation shall be fixed by an order of the
    Commissioners Court.  The amount of such
    compensation shall be determined upon the
    application therefor in writing by the Com-
    missioners of drainage districts located in
    such counties, showing the necessity there-
    for, provided that such Commissioners Court,
    after having heard such petitions, may deny
    or grant the same in whole or in part and

shall enter their written order in the
premises fixing the amount of such compen-
sation within the limits aforesaid."

Section 9 of Article 8161b provides that "any
laws conflicting with the provisions of this Act to the
extent and only to the extent of such conflict are here-
by repealed."

Article 8120, V.C.S., as last amended in 1935,
also deals with the compensation of drainage district
commissioners and prescribes the method of payment as
follows:

"The Commissioners of Drainage Dis-
tricts shall receive for their services not
more than Two and 50/100 Dollars ($2.50)
per day for the time actually engaged in
the work of their district, which compen-
sation shall be fixed by an order of the
Commissioners' Court.  Before the accounts
of such Commissioners shall be approved by
the Commissioners' Court such Commission-
ers shall first submit a detailed report in
writing, under oath, to the Commissioners'
Court of their County showing the time ac-
tually consumed in the work for said Dis-
trict, and describing the work done, and
such reports shall be audited and allowed
by the Commissioners' Court in such amount
as it may determine; . . ."

It is settled law that statutes will be con-
strued so as to carry out the legislative intent.  2
Sutherland, Statutory Construction (3rd ed. 1943) 333,
Sec. 4701; 50 Am. Jur. 200, Statutes, Sec. 223.  Further-
more, the presumptions exist that the Legislature knew
of existing statutes and the effect thereof and that
subsequent legislation does not repeal the existing law
in the absence of that expressed intent.  1 Sutherland,
Statutory Construction (3rd ed. 1943) 461, Sec. 2012;
Conley v. Daughters of the Republic, 106 Tex. 80, 156
S.W. 197 (1913); Scoby v. Sweatt, 28 Tex. 713 (1866).

In 2 Sutherland, Statutory Construction (3rd ed.
1943) 531, Sec. 5201, it is stated:

". . . Prior statutes relating to the
same subject matter are to be compared with

the new provision; and if possible by reasonable construction, both are to be so construed that effect is given to every provision of each. . . ."

In view of the foregoing authorities, Articles 8120 and 8161b must be construed together.

Clearly, by providing that the maximum compensation to commissioners of drainage districts should not exceed $150.00 in any one month, Article 8161b was intended to repeal the provisions of Article 8120 setting such maximum compensation at $2.50 per day and to authorize an increase in the maximum rate of compensation which might be allowed by the commissioners' court to commissioners of drainage districts coming within the provisions of Article 8161b. Under the first sentence of Section 7, the rate of compensation is to be set by the commissioners' court, the only restrictions being that not more than $150.00 shall be allowed to any drainage district commissioner in any one month and that the commissioner may receive pay only for the time actually engaged in the work of his district. However, under the second sentence the commissioners' court is authorized to fix an amount less than $150.00 as the maximum which a drainage district commissioner may receive in any one month. The commissioners' court determines the amount to be paid upon application of the drainage district commissioners "showing the necessity therefor."

Article 8120 provides that before the accounts of the drainage district commissioners shall be approved by the commissioners' court, "such commissioners shall first submit a detailed report in writing, under oath, to the Commissioners' Court of their County showing the time actually consumed in the work for said district, and describing the work done, and such reports shall be audited and allowed by the Commissioners' Court in such amount as it may determine; . . ."

Article 8161b makes no provision for the method of payment of drainage district commissioners, and we are unable to find in it any evidence of an intention on the part of the Legislature to repeal these provisions of Article 8120 relating to the method of payment.

Therefore, we agree with you that the commissioners of drainage districts governed by Article 8161b must submit detailed reports, under oath, as required by Article 8120, before their accounts may be approved for

payment.  Neither Article 8120 nor Article 8161b states at what intervals the commissioners are to receive their pay, although Article 8161b, by providing a monthly rate of compensation, apparently contemplates that the commissioners are to be paid monthly. If they are paid monthly, then each month they must submit the report required by Article 8120.

## SUMMARY

The Commissioners' Court of Jefferson County must set the rate of compensation for commissioners of the drainage district, not to exceed $150.00 in any one month.  Commissioners of the drainage districts must submit to the commissioners' court detailed monthly reports in writing, under oath, showing the time consumed in the work for the drainage district and describing the work done.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

WHH:mw

Yours very truly,

PRICE DANIEL
Attorney General

By William H. Holloway
William H. Holloway
   Assistant